IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SELECT RETRIEVAL, LLC,<br><br>    Plaintiff<br><br>v.<br><br>BLINDS, INC.; CALENDARS.COM, LLC; GAMESTOP CORP.; J.C. PENNEY COMPANY, INC.; RADIOSHACK CORPORATION; RICHLUND VENTURES, INC. d/b/a LIVING DIRECT, INC.; SALLY BEAUTY HOLDINGS, INC.; TEAM EXPRESS DISTRIBUTING, LLC; THE CONTAINER STORE, INC.; and ZALE CORPORATION.<br><br>    Defendants. | Civil Action No. 3:11-cv-1166<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Select Retrieval, LLC ("Select Retrieval" or "Plaintiff"), by way of Complaint against defendants Blinds, Inc., Calendars.Com, LLC, GameStop Corp., J.C. Penney Company, Inc., RadioShack Corporation, Richlund Ventures, Inc. d/b/a Living Direct, Inc., Sally Beauty Holdings, Inc., Team Express Distributing, LLC, The Container Store, Inc. and Zale Corporation (collectively "defendants"), hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 101, *et seq*.

## **THE PARTIES**

2. Plaintiff Select Retrieval, LLC is a limited liability company organized under the laws of Texas with its principal place of business at 777 Enterprise Drive, Hewitt, Texas 76643.

3. Defendant Blinds, Inc. is a corporation organized under the laws of California with its principal place of business at 10555 Richmond Ave., Houston, Texas 77042, and may be served with process at that same address.

4. Defendant Calendars.Com, LLC is a company organized under the laws of Delaware with its principal place of business at 6411 Burleson Rd. Austin Texas 78744, and it may be served with process at that same address.

5. Defendant GameStop Corp. is a corporation organized under the laws of Delaware with its principal place of business at 625 Westport Pkwy, Grapevine, Texas 76051, and may be served at that same address.

6. Defendant J.C. Penney Company, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 6501 Legacy Drive, Plano, Texas 75024, and a registered agent for service of process at CT Corporation System, 350 N Saint Paul Street, Suite 290, Dallas, Texas 75201.

7. Defendant RadioShack Corporation is a corporation organized under the laws of Delaware with its principal place of business at 300 Radio Shack Circle, Forth Worth, Texas 76102 and a registered agent for service of process at CSC-Lawyers Incorporating Service Company, 11 E. 7th Street, Suite 620, Austin, Texas 78701.

8. Defendant Richlund Ventures, Inc., d/b/a Living Direct, Inc., is a corporation organized under the laws of Texas with its principal place of business at 8606 Wall St., Suite

#1800, Austin, Texas 78754, and a registered agent for service of process at Anthony C. Goodall, 1250 S Capital of Texas Highway, Suite 2-400, West Lake Hills, Texas 78746.

9. Defendant Sally Beauty Holdings, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 3001 Colorado Blvd., Denton Texas 76210, and at The Corporation Trust Company Corporation, Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

10. Defendant Team Express Distributing, LLC is a company organized under the laws of Delaware with its principal place of business at 1051 E. Nakoma, San Antonio, Texas 78216, and a registered agent for service of process at CT Corporation System, 350 N. Saint Paul Street, Suite 2900, Dallas, Texas 75201.

11. Defendant The Container Store, Inc. is a corporation organized under the laws of Texas with its principal place of business at 500 Freeport Parkway, Coppell, Texas 75019, and a registered agent for service of process at CT Corporation System 350 N Saint Paul Street, Suite 2900, Dallas, Texas 75201.

12. Defendant Zale Corporation is a company organized under the laws of Florida with its principal place of business at 901 W. Walnut Hill Lane, Irving Texas 75038, and a registered agent for service of process at The Prentice-Hall Corporation System, Inc., 211 E. 7th Street, Suite 620, Austin Texas 78701.

## JURISDICTION AND VENUE

13. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

14. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b).

15. This Court has personal jurisdiction over the defendants. Defendants have conducted and do conduct business within the State of Texas and within this judicial district.

16. Defendants, directly or through intermediaries, makes, distributes, offers for sale or license, sells or licenses, and advertises their products and services in the United States, the State of Texas, and within this judicial district.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,953,724

17. Select Retrieval repeats and realleges the allegations of paragraphs 1 through 16 as if fully set forth herein.

18. On September 14, 1999, United States Patent No. 5,953,724 (hereinafter referred to as the "'724 Patent"), entitled GLOBAL DATABASE LIBRARY DATA STRUCTURE FOR HIERARCHICAL GRAPHICAL LISTING COMPUTER SOFTWARE, was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '724 Patent is attached as Exhibit A to this Complaint.

19. Select Retrieval is the assignee and owner of the right, title, and interest in and to the '724 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

20. Without license or authorization, defendants are and have been directly and indirectly infringing the '724 Patent by making, using, selling, offering for sale or license, advertising and/or importing in the United States, including within this judicial district, their products and/or services on the Internet using methods and instrumentalities that embody the inventions claimed in the '724 Patent. Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and (c).

21. Select Retrieval has been damaged by defendants' infringing activities.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 6,128,617

22. Select Retrieval repeats and realleges the allegations of paragraphs 1 through 21 as if fully set forth herein.

23. On October 3, 2000, United States Patent No. 6,128,617 (hereinafter referred to as the "'617 Patent"), entitled DATA DISPLAY SOFTWARE WITH ACTIONS AND LINKS INTEGRATED WITH INFORMATION, was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '617 Patent is attached as Exhibit B to this Complaint.

24. Select Retrieval is the assignee and owner of the right, title, and interest in and to the '617 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

25. Without license or authorization, defendants are and have been directly and indirectly infringing the '617 Patent by making, using, selling, offering for sale or license, advertising and/or importing in the United States, including within this judicial district, their products and/or services on the Internet using methods and instrumentalities that embody the inventions claimed in the '617 Patent. Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and (c).

26. Select Retrieval has been damaged by defendants' infringing activities.

## JURY DEMAND

27. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Select Retrieval demands a trial by jury on all issues triable as such.

## **PRAYER FOR RELIEF**

WHEREFORE, Select Retrieval respectfully demands judgment for itself and against defendants as follows:

a. That this Court adjudge that defendants have infringed the '724 and '617 Patents;

b. That this Court ascertain and award Select Retrieval damages sufficient to compensate it for the above infringement, and that the damages so ascertained be awarded to Select Retrieval with interest;

c. That this Court find this case to be exceptional and award Select Retrieval its attorneys' fees, costs, and expenses in this action;

d. That this Court order an accounting of all infringing acts including, but not limited to, those infringing acts not presented at trial, and award Select Retrieval damages for any such acts; and

e. That this Court award Select Retrieval such other relief as the Court may deem just and proper.

Respectfully submitted,

Dated: June 2, 2011

By: _____
R. Mark Dietz
Tex. Bar. No. 05857200
Dietz & Jarrard, P.C.
106 Fannin Avenue East
Round Rock, TX 78664
(512) 244-9314
rmdietz@lawdietz.com
*Attorneys for Plaintiff Select Retrieval LLC*